THE BARBER ASPHALT PAVING COMPANY, Plaintiff in Error, v. KATE C. LAMPTON et al., Defendant in Error.

St. Louis Court of Appeals, March 7, 1899.

Street Improvements: SUIT ON SPECIAL TAX BILL: PLEADINGS: DEMURRER. In a suit upon a special tax bill, for street improvements, held, on demurrer, that since no facts showing its invalidity were stated in the petition, it was not necessary for plaintiff to anticipate and avoid in the petition any defenses the answer might set up.

*Writ of Error from St. Louis Circuit Court.*—HON. JOHN W. WOOD, Judge.

REVERSED AND REMANDED.

[NOTE.—In cases numbers 7228, 7229, 7230, 7231, 7232 and 7233, in St. Louis Court of Appeals at October term, 1898, on March 7, 1899, where in same parties were plaintiffs in error and other parties were defendants in error, the same judgment was rendered as in the cause herein.—REPORTER.]

ADIEL SHERWOOD for plaintiffs in 'error.

It is not thought necessary to go into any extended argument to show that the court below committed error in sustaining the demurrer to the petition of plaintiff for the reason that in an exactly similar case this court has heretofore decided that the petition of plaintiff did state facts sufficient to constitute a cause of action and reversed and remanded the cause. It is submitted that the said decision of the court in that case is conclusive here.    Barber Asphalt Paving Co. v. Young, 68 Mo. App. 175.

T. J. ROWE for Cradock et al., Heman et al., and Quinn et al., defendants in error.

A personal judgment against the owner of property on account of assessments for public improvements is void.    The judgment must be a special one against the property.    Neenan v. Smith, 50 Mo. 525; St. Louis v. Allen, 53 Mo. 44; Carlin v. Cavender, 56 Mo. 286; St. Louis v. Bressler, 56 Mo. 350; Kiley v. Forsee, 57 Mo. 390; Louisiana v. Miller, 66 Mo. 467. A special tax bill has no validity or existence save as a lien on the land charged by it.    When the lien is extinguished or barred, all right of action on the tax bill expires.    Seibert v. Copp, 62 Mo. 182.    The lien of the tax bill was destroyed and of no effect at the time plaintiff in error sued out the writ of error herein, because it was more than two years after its date, and no legal proceedings were pending.    Sec. 26, art. 6, of Charter of City of St. Louis.    At the time writ of error herein issued no proceedings in law were pending.    "An appeal is generally held to be a continuation of the suit.    A writ of error, however, is considered a new action, and that it is a new action has been repeatedly and often held by many courts. 2 Tidd's Prac. [3 Am. Ed.], top p. 1141; Ripley v. Morris, 7 Ill. 381; Allen v. Mayer, 9 Ga. 286.    "From these statutory

provisions it will be seen that the distinction between appeals and writs of error is still preserved, and it must be held that the writ of error is a new suit." Macklin v. Allenberg, 100 Mo. 343; Macklin v. Schmidt, 104 Mo. 364.

M. KINEALY and KINEALY & KINEALY for defendants in error.

The contract in this cause was the same contract passed upon by the supreme court in the case of Virden v. St. Louis, 131 Mo. 26; 33 S. W. Rep. 480; and in which cause the decision was squarely against the plaintiff in error, and the points involved in that case are the same, and all the points involved in this case at bar. Hence as it is the duty of this court under the constitution to follow the last decision of the supreme court on the questions involved, we respectfully submit that the judgment of the court below should be affirmed. We also submit that on the record in this cause this court has no jurisdiction to reverse the judgment of the court below; because as contended by Mr. T. J. Rowe this suit comes here by writ of error which is a new suit, Macklin v. Allenberg, 100 Mo. 337, and more than two years elapsed from the date of the tax bill sued on to the suing out of the writ of error. After two years all suits based on the tax bill to create a lien on property is barred. 2 R. S. 1889, sec. 26, p. 2125.

BLAND, P. J.—The motion for rehearing in the above entitled cause is sustained and rehearing granted, and the cause taken as submitted on briefs, and for the reasons stated in the opinion of this court in Barber Asphalt Paving Company v. Sanford et al., No. 7226, delivered at the present term, the judgment is reversed and the cause remanded. All concur.

(See Vol. 76, page 355.   Reporter).